M. CLEMENTS v. THE STATE OF NORTH CAROLINA.

*Statute — Repeal of — Claim Against the State.*

The repeal of a statute under which a contract has been made between the plaintiff and the State, in no way affects the plaintiff's rights under the contract.

*(Bledsoe* v. *The State,* 64 N. C. 392, cited and approved.)

CLAIM against THE STATE heard at January Term, 1877, of the Supreme Court, under Art. IV, § 9 of the Constitution.

The plaintiff and the defendant entered into the following contract upon which this action is founded: ' This agreement between the Commissioners appointed by the General Assembly, &c., under the Act to provide for the erection of a Penitentiary, passed April 12th, 1869, acting in behalf of the State, and Michael Clements, witnesseth, that said Clements in consideration of the several sums to be paid by the State at the times and in the manner provided by the conditions for that purpose, and the bid of said Clements hereto attached, hereby covenants and agrees to furnish all materials, all the convicts that can be used at sixty cents per day and all the other labor required in constructing the cell doors and frames, locks and lock bars complete, and setting the same for the erection of a Penitentiary, * * * all to be done * * * under the supervisions of W. J. Hicks, Assistant Architect or such other Architect, * * * the written certificate of said Architect to be evidence of the sufficiency of said material and work, and the bid annexed to be the basis of all estimates," &c., &c. Signed on 19th of May, 1870, by Alfred Dockery, G. Wm. Welker, J. R. Harrison, Alfred Howe and A. L. Lougee, Commissioners on the part of the State, and by the plaintiff.

The plaintiff alleged that his bid was $60 for furnishing each cell door &c. complete and that the State accepted the bid through its said agents, and agreed to pay for such labor and material at the contract price aforesaid. That he bought a large quantity of iron, made sub-contracts and otherwise went to great expense to enable him to complete the work. as agreed upon, and has at all times been ready to comply with his part of the contract, but by reason of the failure and refusal of defendant to comply with said contract, he has been damaged to the amount of $30,000.

The defendant in answering the complaint insisted that the said contract was rescinded by the Legislature, and the alleged expense incurred by the plaintiff was needlessly and improvidently incurred and that he ought not to be relieved. of any liability resulting therefrom.

The defendant further insisted that one of the induce- ments to make the said contract was that convict labor should. be used at the price stipulated, it being considered that the same was high enough to offset the extravagant price of the cell doors, and that since the rescission of the contract the defendant has made better doors &c. with convict labor,. than the sample door sent by plaintiff, which door was never accepted by the defendant but expressly rejected, and plain- tiff notified that the same was subject to his order.

The defendant further insisted that this subject had been fully considered at two different sessions of the General As- sembly, and defendant's agents had acted in accordance with the explicit enactment of that body in rescinding and igno- ring the said contract for the reasons above set forth, and that in consequence of said enactment it is not within the- spirit of the Constitution for this Honorable Court to hear and make recommendations to the Legislative branch of the government in regard to this claim.

Depositions of sundry parties were filed with the record, but the Court upon consideration directed the issues stated. in its opinion to be submitted to a jury.

CLEMENTS *v.* STATE.

*Messrs. Merrimon, Fuller & Ashe,* for the plaintiff.
*Attorney General,* for the State.

READE, J. In *Bledsoe* v. *The State,* 64 N. C. 392, we declared what we understood to be the practice in cases of this kind—to ascertain the facts by reference to our Clerk or to have issues for a jury. And when sufficiently informed of the facts we would declare the law.

We are of opinion that the repeal of the statute under which the contract with the plaintiff is alleged to have been made, in no way affects the plaintiffs rights. And that it was not contemplated by the alleged contract that the plaintiff was to do the work *here* instead of at his works in Ohio ; or that convicts were to be sent to Ohio to do the work ; but that they were to be employed upon such work only as was necessarily to be done here, as fitting and hanging the doors and the like.

There will be issues for a jury.

1. Whether the contract was made as alleged.

2. Whether the plaintiff complied or was ready and offered and was able to comply with his part of the contract.

3. Whether the State failed to comply with its part of the contract. If so,

4. What damage did the plaintiff sustain by reason of the failure of the State to comply with its part of the contract.

The depositions on file, subject to all just exceptions will be read and other evidence heard. And the evidence and the finding of the jury and the rulings of His Honor, with all exceptions, will be certified to this Court.

PER CURIAM.                         Order accordingly.