Issues were sent down by order of the Supreme Court and tried at June Term, 1877, of WAKE, before Buxton, J. The facts are stated in same case, 76 N.C. 199. The plaintiff claimed $30,000 damages for breach of contract, entered into between the State and himself for the manufacture of cell doors for the penitentiary. The plaintiff testified in his own behalf to the effect that in consequence of the great reduction of materials, labor, etc., which took place between the (143) time of executing the contract and the breach thereof, he would have made about $27,000. No actual loss or damage was shown, and no claim made for one lot of doors made under this contract, but disposed of under another.
The counsel for the plaintiff, in his argument before the jury, commented upon the fact that the State had introduced no evidence, and that therefore the jury, under the circumstances, must accept the plaintiff's evidence as true. Whereupon the Attorney-General interposed an objection to the comments of counsel, but the court overruled the objection, and the defendant excepted. For the State, it was insisted that there was no evidence that the plaintiff was actually damaged by the breach of contract on the part of the State, if the jury should find that there was such breach; and his Honor was requested to charge the jury that the plaintiff could recover nothing if they believed from the evidence that he had sustained no actual damage. The court refused so to charge, and the defendant excepted.
His Honor then charged the jury in response to the instructions asked by the plaintiff: (1) That the measure of damages for breach of executory contracts of this character is, that the contractor is entitled to recover the profits which he lost by the default of the other party to the contract. (2) That these profits are to be arrived at by taking the market value at the time of the breach, and if no market value, then by a minute inquiry into the costs of materials, etc. (3) That the jury must assess the value of the doors at the time of the breach, and the damages would be the difference between the contract price and such value.
Under these instructions, the jury found the issues in favor of the plaintiff, and assessed his damage at $20,000, and the clerk was ordered to certify the proceedings had to the Supreme Court. *Page 116 
There is no error in the proceedings had before his Honor, Judge Buxton.
It is therefore considered by the Court here that the State of North Carolina doth owe to the plaintiff, Michael Clements, the sum of $20,000, being the amount of damages assessed by the jury for breach of contract.
The clerk will make copies of the complaint and answer, the opinion of the Court delivered by Reade, J., the proceedings before his Honor, JudgeBuxton, and the judgment of this Court, now rendered, and transmit the same, under the seal of the Court, to the Governor of the State, to be communicated to the General Assembly. See Bledsoe v. State, 64 N.C. 392.
PER CURIAM. No error.
Cited: Oldham v. Kerchner, 79 N.C. 112, 121; Jones v. Call, 96 N.C. 345;Garner v. Worth, 122 N.C. 256; Printing Co. v. Hoey, 124 N.C. 795;Hosiery Co. v. Cotton Mills, 140 N.C. 455; Flour Mills v. DistributingCo., 171 N.C. 714.
(145)